# SUPERIOR COURT

## No. 624

### UNIVERSAL COAL CO. v. SCHIER MOTOR CAR CO.

Cincinnati Superior Court

No. 59109. Decided June 17, 1925

557. FRAUD—As between two innocent parties, one who enables it to be committed, or a loss to occur, must suffer the consequences.
MARX, J.

W. J. Richardson was a sales agent and officer in the Universal Coal Co. On Sept. 11, 1923, he purchased a machine for $1800 and in part payment thereof traded in a used car, its value being $575, so that a balance of $1225 remained. In order to pay this, Richardson asked the Motor Car Co. to draw a sight draft on the Coal Co. for $1350 and upon payment thereof to give him the excess over and above the balance ($125) in cash.

The draft was drawn but was not paid promptly, and Richardson in order to obtain use of the car gave his personal check to the Car Co. for $1225. The car was delivered to Richardson and the draft drawn on the Coal Co. was paid in full, Sept. 19,, 1923, and the $1350 for which it called was paid to Richardson by the Motor Car Co. at his request.

Suit was brought by the Coal Co. against the Motor Car Co. and it was admitted that Richardson purchased the car to use in the business of the Coal Co. It was sought however to recover the difference between the purchase price and the amount of the draft, namely $125. The Court held:

1. As between the parties it would appear that Richardson had a sufficient sum standing to his credit or authority to draw upon the Coal Co. for the sum in question because the draft was accepted and paid by it.

2. There is no evidence that the Motor Car Co. acted in connivance with Richardson, or knowingly assisted him in defrauding his own Company; or it may be that Richardson overdrew his account so that the Motor Car Co. cannot be charged.

3. Assuming the Coal Co. and the Motor Car Co. to be alike innocent in this case, it was the Coal Co. who clothed its officer and agent with apparent authority to enable what occurred to take place and hence the Coal Co. must bear the loss.

Attorneys—W. F. Fox for Coal Co.; Broadwell and Cawguill for Motor Car Co; all of Cincinnati.

# COMMON PLEAS COURT

## No. 625

### BELL v. BYRON et

Hamilton Common Pleas

No. 191460

923. PLEADINGS—1. In a mechanics' lien case, must set forth every step taken in conformity with provisions of statute.

2. Averment by one lien claimant that "verified copy of claim was delivered to owner as required by law," is merely a legal conclusion and is demurrable.
HURLEY, J.

This action was instituted by Rhoane Bell, seeking the cancellation of what purported to be a mechanics' lien by Armour Byron and one Brown. In his answer, Byron claims that he has "complied with the law" regarding proper perfection of a mechanics' lien by delivering a verified copy of his particular claim to Bell, the owner, and a pleading that this verified copy was delivered to Bell, as required by law, was a sufficient allegation of a valid mechanics' lien.

Bell demurred to Byron's answer, claiming that provisions of 8312 GC. were absolutely mandatory and that a mechanics' lien is not perfected until all of the provisions therein contained are complied with to the letter, and unless it is pleaded that all provisions of this section have been complied with, an action cannot be maintained. The Court held:

1. The legal conclusion of the defendant that he has "complied with the law" is not sufficient, but he must state that he furnished the "owner, part owner, lessee, or mortgagee, or his agent a statement under oath, etc.," in keeping with the requirements as set out in 8312 GC.

2. The legislature intended that these conditions precedent should be complied with, or otherwise they would not have written them into the statute.

3. This section was intended to be mandatory as contemplated by the following: "Until the statements provided for . . . .the contractor shall have no right of action or lien against the owner, part owner, or lessee."

4. It is necessary to plead every step taken in conformity with provisions of 8312 GC. in order to maintain an action in either law or equity.

Demurrers to the respective answers of Byron and Brown will be sustained.

Attorneys—Miller & Elston for Bell; Galvin & Bauer for Byron; Saul S. Klein for Brown; all of Cincinnati.